UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME LEE CROSS,<br><br>                    Petitioner,<br><br>          v.<br><br><br>WARDEN, WASCO STATE PRISON,<br><br>                    Respondent. | Case No.  1:15-CV-01469-SKO  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND |

**SCREENING ORDER**

On September 28, 2015, Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner seeks to pursue a claim dismissed as unexhausted from his prior petition in this Court. *See Cross v. Kings County Superior Court* (E.D. Cal.) (No. 1:14-cv-00862-MJS  HC) at Doc. 21.  Although the determination of the California Court of Appeals has been appended to the petition, which asserts that the claim has been exhausted, the petition fails to document the decision of the California Supreme Court in any way.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Case 1:15-cv-01469-SKO   Document 7   Filed 10/28/15   Page 2 of 4

## I.    **<u>Preliminary Screening</u>**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II.    **<u>Exhaustion of State Remedies</u>**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). In California, the highest state court is the California Supreme Court.

The petitioner must also have specifically informed the state court that he was raising a

federal constitutional claim.  *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Although the petition documents the determination of the California Court of Appeals, it fails to disclose the date of the California Supreme Court decision and does not include a copy of the Supreme Court decision.  Accordingly, the Court will dismiss the petition with leave to amend to permit Petitioner to add the date of the California Supreme Court decision to the petition and to append a copy of that decision to the petition.

### III.     Conclusion and Order

Accordingly, with regard solely to the claim of ineffective assistance of counsel brought forth in this petition, the Court hereby ORDERS:

1. The petition for writ of habeas corpus is DISMISSED with leave to amend to document exhaustion of state remedies before the California Supreme Court.

2. The Clerk of Court shall send Petitioner a copy of this order and a form for Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

3. Within 30 days of service of this order, Petitioner shall file an amended petition disclosing the date of the California Supreme Court decision regarding the claim set forth in this petition and appending a copy of the California Supreme Court decision or order.  Petitioner shall sign the petition under penalty of perjury.

4. If Petitioner fails to file an amended petition within 30 days from the date of service of this order, this action will be dismissed without further notice for failure to comply with a court order.

IT IS SO ORDERED.

Dated:     **October 27, 2015**                              **/s/ Sheila K. Oberto**
                                                                        UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4